FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS HOLMAN and AIMEE HOLMAN,<br><br>               Plaintiffs,<br><br>  v.<br><br>WELLS FARGO HOME MORTGAGE and AZTEC FORECLOSURE CORPORATION OF WASHINGTON,<br><br>               Defendants. | NO: 2:20-CV-116-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Wells Fargo's Motion to Dismiss, ECF No. 2. Wells Fargo removed this case from Pend Oreille County and now asks the Court to dismiss Plaintiffs' claims with prejudice, for failure to state a claim. *See* ECF No. 1 at 2. The Court has considered the record, the motion, and is fully informed.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

**BACKGROUND**

The Holmans allege that in 2009, they purchased property in Newport, Washington with a loan from Wells Fargo in the amount of $124,914.00. *See* ECF No. 1-1 at 3, 11.[1] The loan was evidenced by a promissory note and secured by a deed of trust that encumbered the Newport property. *See* ECF No. 3-1; ECF No. 3-2 at 3.[2] Plaintiffs defaulted on the loan after Ms. Holman lost her job in 2013. ECF No. 1-1 at 3.

/ / /

/ / /

---

[1] Generally, the Court is limited to the four corners of the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). However, the Court may consider documents that are attached to the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Holmans attached several documents to their complaint, so the Court will rely on them in ruling on this motion.

[2] The Court may judicially notice a fact or document that is not subject to reasonable dispute because it is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Lee*, 250 F.3d at 688–89; Fed. R. Evid. 201(b). Wells Fargo has asked the Court to take judicial notice of several documents, which include: the note evidencing the Holman's debt, the deed of trust, public records regarding multiple trustee's sales scheduled for the property, and pleadings filed in state court that are relevant to this matter. *See* ECF No. 3. Plaintiffs have not challenged the accuracy or authenticity of these documents. The Court finds that the information contained in these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Lee*, 250 F.3d at 688–89. Accordingly, the Court must take judicial notice of the documents filed at ECF Nos. 3-1–3-15, as requested by Wells Fargo. *See* Fed. R. Evid. 201(c).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

**2019 Proceedings**

In 2019, a trustee's sale of the property was scheduled, and Plaintiffs opposed the sale by filing an action in Pend Oreille County. *See* ECF No. 1-1 in Case Number 2:19-cv-208-RMP. Plaintiffs requested that their title to the property be confirmed and that the Court enjoin the upcoming trustee's sale. Plaintiff asserted: (1) Defendants violated the Federal Debt Collection Practices Act ("FDCPA") by claiming sums due outside the statute of limitations; (2) Defendants violated the Washington Consumer Protection Act ("WPCA") for claiming sums due outside the statute of limitations; (3) Defendants violated the Washington Unfair or Deceptive Trade Practices Act for practices associated with the origination and/or servicing of the loan; (3) and Defendants violated the Foreclosure Fairness Act for failing to provide and genuinely participate in mediation. ECF No. 1-1 at 8 in Case Number 2:19-cv-208-RMP. Plaintiffs also alleged a breach of contract claim and requested that the Court quiet title to the property in their favor. *Id*.

Defendant Wells Fargo removed the case and asked this Court to dismiss Plaintiffs' claims. The Court granted the motion and gave Plaintiffs leave to amend their Complaint. The Court reasoned, "Because the Holmans are *pro se* plaintiffs and considering that their complaint was removed from state court to federal court, the Court finds good cause to allow the Holmans a chance to amend their complaint and provide further support for their claims. ECF No. 11 at 11–12 in Case Number 2:19-cv-208-RMP (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

The Court also noted that, because Defendant Aztec Foreclosure Corporation is a nominal party only, holding legal title to the Newport property as trustee, it need not appear in the action for the Court to rule on Wells Fargo's motion to dismiss. *Id.* at 4 n.3 (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

Plaintiffs did not amend their complaint following the Court's ruling in that case. Accordingly, the Court dismissed the action with prejudice for failure to state a claim and closed the case. ECF No. 12.

**2020 Proceedings**

On February 12, 2020, Plaintiffs filed a subsequent action in Pend Oreille County against Defendants, again to prevent Wells Fargo from foreclosing on the subject property. Plaintiffs assert that Wells Fargo cannot foreclose on the property because the relevant statute of limitations has run. ECF No. 1-1 at 4. Plaintiffs request declaratory relief based on the allegedly untimely foreclosure proceedings, again asserting that title should be confirmed and quieted in their favor. *Id.* at 5.

The state court denied Plaintiffs' request to enjoin the trustee's sale, and the trustee's sale occurred on February 21, 2020. *See* ECF No. 3-14 at 2. Wells Fargo obtained the property as the winning bidder. ECF No. 3-10.

On March 24, 2020, Wells Fargo removed the instant case and moved to dismiss Plaintiff's Complaint with prejudice. *See* ECF Nos. 1–2. Plaintiffs did not respond to the motion, and the Court ordered them to show cause as to why they had

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

not responded. Plaintiffs responded to the Court's Order to Show Cause, indicating that they did not file a timely response because they are *pro se*, because of delay caused by COVID-19, and because they were victims of a foreclosure help scam. ECF No. 6. They assert that, due to the scam, they thought they were represented in this action. *Id*.

However, Plaintiffs' response does not address their claims alleged in their 2020 Complaint, nor does it request additional time to file a response to the Motion to Dismiss. *See id*. It provides a brief explanation of Plaintiff's position that Wells Fargo engaged in deceptive loan practices. *See id*.

## LEGAL STANDARD

A plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

1    unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v.*

2    *Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

3                                **DISCUSSION**

4    **A. Res Judicata**

5        Wells Fargo argues that the Holmans' Complaint should be dismissed with

6    prejudice on the grounds of res judicata. "Under res judicata, a final judgment on

7    the merits of an action precludes the parties or their privies from relitigating issues

8    that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90,

9    94 (1980). For res judicata to apply, "the earlier suit must have (1) involved the

10   same 'claim' or cause of action as the later suit, (2) reached a final judgment on the

11   merits, and (3) involved identical parties or privies." *Sidhu v. Fletco Co., Inc.*, 279

12   F.3d 896, 900 (9th Cir. 2002) (citing *Hydranautics v. FilmTec Corp.*, 204 F.3d 880,

13   887 (9th Cir. 2000)).

14       Here, the final two prongs of res judicata are met. The 2019 case involved the

15   same parties, and Plaintiff's Complaint was dismissed with prejudice for failure to

16   state a claim upon which relief may be granted.

17       The Court now considers the first prong of res judicata: whether this case

18   involves the same claims as the 2019 case. To decide whether two suits contain

19   identical claims for the purposes of res judicata, the Ninth Circuit examines the

20   following criteria:

21

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;

(2) whether the two suits involve infringement of the same right;

(3) whether substantially the same evidence is presented in the two actions; and

(4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (quoting *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993)).

In 2019, Plaintiffs did not assert a statute of limitations cause of action under RCW 4.16.040 specifically, as they have done in this case. However, Plaintiffs claimed in 2019 that the relevant statute of limitations had run, and that Defendants had violated the FDCPA and the WCPA for attempting to foreclose on the deed of trust outside the statute of limitations. *See* ECF No. 1-1 at 8 in Case Number 2:19-cv-208-RMP (Plaintiffs' 2019 Complaint listing violations of the FDCPA and WPCA "for claiming sums due which are outside the relevant statute of limitations," as causes of action). In response, Wells Fargo asserted that the relevant statute of limitations was the six-year statute of limitations set by RCW 4.16.040.

Upon consideration of the factors laid out by the Ninth Circuit, the Court finds that Plaintiffs' 2019 claims based on the relevant statute of limitations are identical to the present statute of limitations claim. First, if Plaintiffs were permitted to maintain the 2020 statute of limitations claim, Wells Fargo's rights flowing from the Court's 2019 judgment would be impaired. *See Sidhu*, 279 F.3d at 900. Secondly, both claims arise out of the same set of facts; both are focused on the same deed of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

trust and involve foreclosure proceedings on the same property. *See id.* Similarly, the actions involve infringement of the same right, specifically the right to avoid foreclosure attempted outside the applicable statute of limitations, which is set by RCW 4.16.040. *See id.* Finally, because both claims arise out of the same set of facts and involve infringement of the same right, they likely would require much of the same evidence. In light of these factors, and for the purposes of res judicata, the Court finds that Plaintiffs' 2020 statute of limitations claim is identical to their 2019 claims premised on Wells Fargo's alleged violation of the statute of limitations.

Next, the Court considers Plaintiffs' instant request for declaratory relief; Plaintiffs' 2020 Complaint requests that the Court quiet title in their favor, based on Defendants' alleged statute of limitations violation. Because Plaintiffs' statute of limitations claim is barred by res judicata, and because Plaintiffs assert no other basis to quiet title, Plaintiffs' Complaint does not state a plausible quiet title claim.

Therefore, Plaintiffs' 2020 claims, which assert that Defendants acted impermissibly outside the statute of limitations and that the Court should quiet title to the property in their favor, are barred by res judicata.

**B. Evaluation of Plaintiffs' Claims**

Even if Plaintiffs' claims were not barred by res judicata, dismissal of Plaintiffs' Complaint for failure to state a claim is proper.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

*Quiet Title*

Wells Fargo moves for dismissal of the Holmans' claim to quiet title. In order to bring an action for quiet title, a plaintiff must allege that they are the owners of the property in question and that any obligations under the deed of trust are satisfied. *Evans v. BAC Home Loans Servicing LP*, No. C10-0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010). The Holmans' 2020 Complaint alleges that they failed to make mortgage payments when Ms. Holman lost her job in 2013. ECF No. 1-1 at 3. Thus, as the Court explained in its 2019 Order, the Court has no authority to grant the Holmans quiet title to the Newport property. *See* ECF No. 11 at 10 in Case Number 2:19-cv-208-RMP.

The Holmans assert that Washington law allows them to pursue an order quieting title in their favor because Defendants have attempted to foreclose on the loan outside the relevant statute of limitations. ECF No. 1-1 at 3–4 (citing RCW 7.28.300). However, for the reasons explained below, Plaintiffs' Complaint fails to state a plausible statute of limitations violation. Thus, Plaintiffs are not entitled to quiet title on that basis. *See* RCW 7.28.300 (explaining that "[t]he record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations . . . ).

Therefore, the claim for quiet title is dismissed for failure to state a claim upon which relief may be granted.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

*Statute of Limitations*

Plaintiffs' Complaint asserts that Wells Fargo's nonjudicial foreclosure violates RCW 4.16.040 because the foreclosure was not commenced within the applicable statute of limitations. Under Washington law, the applicable statute of limitations for bringing an action based upon a contract in writing, including a deed of trust, is six years. *See* RCW 4.16.040; *Hankins v. US PROF-2014-S2 Legal Title Trust*, CASE NO. C17-5142-RBL, 2017 WL 1884851, at *3 (W.D. Wash. May 9, 2017).

When payments on a loan are due in installments, each installment payment is subject to its own statute of limitations, which begins on the date that the payment is due. *Id*. (citing *Herzog v. Herzog*, 161 P.2d 142, 144–45 (Wash. 1945)). "But if an obligation that is to be paid in installments is accelerated, the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *4518 265th, LLC v. Karen L. Gibbon, P.S.*, 385 P.3d 1, 6 (Wash. Ct. App. 2016).

Regarding acceleration, the Washington State Supreme Court has explained that, even when the note provides for automatic acceleration of the entire loan amount upon default, "mere default alone will not accelerate the note." *A.A.C. Corp. v. Reed*, 440 P.2d 465, 467 (1968). Rather, to accelerate the note, the holder of the note must take some affirmative action that "makes known to the payors that he intends to declare the whole debt due." *Merceri v. Bank of N.Y. Mellon*, 434 P.3d

84, 87–88 (2019) (emphasis removed) (quoting *Glassmaker v. Ricard*, 493 P.2d 179 (1979) (citation omitted)). Acceleration must be clear and unequivocal. *Id*.

Pursuant to Washington precedent, "The commencement of a nonjudicial foreclosure proceeding tolls the six-year statute of limitations period." *Cedar West Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 562 (Wash. Ct. App. 2019); *see Bingham v. Lechner*, 45 P.3d 562, 566 (2002). "Generally, the notice of trustee sale tolls the limitations period until the date scheduled for the foreclosure sale or 120 days later, the last day to which it could have been continued." *U.S. Bank NA v. Kendall*, No. 77620-7-I (consolidated with No. 77621-5, No. 77786-6, and No. 77820-0), 2019 Wash. App. LEXIS 1704, at *11 (July 1, 2019 Wash. Ct. App.) (citing *Bingham*, 45 P.3d at 566). However, the Washington Court of Appeals has found that tolling may begin upon notice of default to the debtor, under certain factual circumstances. *See Cedar West Owners Association*, 434 P.3d at 562.

Here, Plaintiffs claim that the note was accelerated on December 1, 2013. Accordingly, they argue that Wells Fargo had six years from December 1, 2013, to collect on the note, or until December 1, 2019. Because the most recent attempted trustee sale occurred in February of 2020, Plaintiffs argue that the statute of limitations bars the sale. *See* ECF No. 1-1 at 3–4.

However, Plaintiffs do not address the issue of tolling. Wells Fargo most recently commenced a nonjudicial foreclosure on October 17, 2019, by filing a notice of trustee's sale. *See* ECF No. 3-9. The sale proceeded as scheduled on

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 11

February 21, 2020.  Accordingly, the statute of limitations was tolled from October 17, 2019, to at least February 21, 2020, under settled Washington precedent.  *See Cedar West Owners Association*, 434 P.3d at 562; *see also U.S. Bank NA v. Kendall*, 2019 Wash. App. LEXIS 1704, at *11 (citing *Bingham*, 45 P.3d at 566).

Taking as true Plaintiffs' allegation that the note was accelerated such that the statute of limitations expired on December 1, 2019, foreclosure on the deed of trust still was timely because the period between October 17, 2019, and the foreclosure sale was tolled.  Therefore, accepting the factual allegations in the Complaint as true, Plaintiff fails to state a claim under RCW 4.16.040.[3]

### C. Leave to Amend Denied

The Court considers whether to allow Plaintiffs leave to amend their Complaint.  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  If no facts consistent with the pleading could cure the deficiencies of the complaint, a district court can deny leave to amend and dismiss the claims with

---

[3] Wells Fargo also explains that it has attempted a total of five trustee's sales for the subject property, and that the statute of limitations was tolled during each attempted sale, not only the final, successful sale.  Wells Fargo is correct that abandoned nonjudicial foreclosure proceedings toll the statute of limitations under Washington law.  *See U.S. Bank NA v. Kendall*, 2019 Wash. App. LEXIS 1704, at *11–12.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 12

prejudice. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir. 1992) (holding district court did not abuse discretion in denying leave to amend when no facts consistent with the complaint could save plaintiff's claims). Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend the complaint to correct any deficiencies. *Broughton v. Cutter Labs.*, 622 F.3d 458, 460 (9th Cir. 1980).

As Plaintiffs' claims are barred by res judicata, leave to amend would be futile. Moreover, even if res judicata was inapplicable here, no facts consistent with the Complaint would save Plaintiffs' claims, as the nonjudicial foreclosure proceedings initiated by Wells Fargo tolled the statute of limitations that Plaintiffs allege was violated.

Accordingly, **IT IS HEREBY ORDERED**:

1. Wells Fargo's Motion to Dismiss, **ECF No. 2**, is **GRANTED**.

2. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered for Defendants.

4. All pending motions, if any, are **DENIED AS MOOT**.

5. All scheduled court hearings, if any, are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel and to Plaintiffs, and **close this case**.

**DATED** July 22, 2020.              *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                       United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 13